UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE REYNALDO VALDEZ-BARRAZA,
Petitioner,

v.

GREGORY J. ARCHAMBEAULT, Field Office Director, San Diego Field Office, et al.,
Respondents.

Case No.: 3:26-cv-03956-RBM-MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Docs. 1, 2]**

Before the Court is Petitioner Jose Reynaldo Valdez-Barraza's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection in 1994. (*Id.* ¶¶ 7, 19.) "Since then, he has been apprehended while unlawfully attempting to enter the United States four times and allowed to voluntarily return to Mexico in lieu of prosecution." (Doc. 5 at 2 (citing Doc. 5-1 at 3–5).) While residing in the United States, Petitioner has developed deep family ties in California, living with his life partner of over two decades and raising three United States citizen children. (Doc. 1 ¶ 19.)

During that time, Petitioner also developed a criminal history. (*See* Doc. 1-2 at 19–20 (misdemeanor arrest for driving without a license, two misdemeanor convictions for "DUI alcohol/drugs" and "driving while license suspended," and an April 24, 2026 arrest with misdemeanor and felony charges for "possession of narcotic controlled substance . . ., possession of unlawful paraphernalia . . ., possession of controlled substance . . ., possession of controlled substance for sale . . ., and DUI any drug").) On February 24, 2013, Petitioner was issued a Notice to Appear following one of his previous arrests. (Doc. 1 ¶ 21.) On February 25, 2013, Petitioner was released on an Order of Release on Own Recognizance under 8 U.S.C. § 1226(a). (*Id.* (citing Doc. 1-2 at 9–11).) On April 29, 2022, the Department of Homeland Security ("DHS") dismissed Petitioner's removal proceedings. (*Id.* ¶ 22.)

On May 21, 2026, ICE agents located and arrested Petitioner "based on information obtained" from Petitioner's April 24, 2026 arrest report. (Doc. 5-1 at 4.) Petitioner was served with a new Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 1 ¶ 26.) Petitioner was transferred to Imperial Regional Detention Facility, where he remains today. (*Id.*) Petitioner has not received a bond hearing, as the immigration courts lack jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶ 18.)

On July 9, 2026, Petitioner filed the Petition. (Doc. 1.) The Court set a briefing schedule that same day. (Doc. 3.) Respondents filed their Return on July 17, 2026. (Doc. 5.) Petitioner was authorized to file a reply on July 24, 2026, but did not file one.

## II. <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause, the Fourth Amendment, 8 U.S.C. § 1226(a), and the Administrative Procedure Act. (Doc. 1 ¶¶ 28–45.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that this Court's prior decisions will control the result here . . . , as the facts are not materially distinguishable . . . , and on that basis [do] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 5 at 3.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025). In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained after having resided in the United States for many years after being released from immigration custody on an order of release on own recognizance. (*See* Doc. 1 ¶¶ 7, 19, 21.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge*

*M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody under any conditions of supervision found appropriate under 8 C.F.R. § 241.5. *See Perez Velasquez v. Bondi*, Case No.: 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026).
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. At any such bond hearing, the noncitizen shall bear the burden of establishing, by a preponderance of the evidence, that he is not a flight risk or a danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. The *Ex Parte* Motion for Order to Show Cause (Doc. 2) is **DENIED as moot.**

**IT IS SO ORDERED.**

DATE: July 27, 2026

HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

[1] In light of the conclusion herein, the Court does not reach Petitioner's other arguments.